# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUIS WOLKENSTEIN, | |
| Plaintiff, | NO. 3:17-CV-1295 |
| v. | (JUDGE CAPUTO) |
| CITIBANK, | |
| Defendant. | |

## **MEMORANDUM**

Presently before me is a Motion to Compel Arbitration filed by Defendant Citibank. (Doc. 9.) Because the Federal Arbitration Act ("FAA") applies to Wolkenstein's claims, Citibank's Motion will be granted.

## **I. Background**

The parties do not dispute the following relevant facts. On or about November 8, 2013, Wolkenstein opened a credit card account ending in -0350 ("Account") with Department Stores National Bank ("DSNB"), of which Citibank, N.A. ("Citibank") is the parent corporation.(Doc. 9-2 at ¶¶ 1, 4.) After the Account was opened, Wolkenstein was provided with a credit card agreement ("Agreement"). (*Id.* at ¶ 7; Doc. 9-2, Ex. 1.) The Agreement provides that DSNB "may change any term of this Agreement or add a new term at any time." (Doc. 9-2, Ex. 1.) On or about June 15, 2015, DSNB mailed Plaintiff a "Notice of Change in Terms and Right to Opt Out" ("Notice") and accompanying letter, which updated the Agreement to include an arbitration clause ("Arbitration Clause").[1] (Doc. 9-2 at ¶ 10; Doc. 9-2, Ex. 2.) The Notice stated that the updated terms would become effective on August 5, 2015, and that Wolkenstein could reject the new terms, including the Arbitration Clause, by

---

[1] The Arbitraiton Clause provides, in relevant part that "You or we may arbitrate any claim, dispute or controversy between you and us arising out of or related to your account, a previous related account or our relationship (called "Claims"). [] If arbitration is chosen by any party, neither you nor we will have the right to litigate that Claim in court or have a jury trial on that Claim." (Doc. 9-2, Ex. 2.)

calling a phone number to opt out. (Doc. 9-2, Ex. 2.) Wolkenstein did not do this. (Doc. 9-2 at ¶ 12.)

Beginning in or around October 2015, Wolkenstein alleges he received "repeated telephone calls" to his cell phone from Citibank via "an automatic telephone dialing system," in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (Doc. 1 at ¶¶ 1, 12-13.) On May 22, 2017, counsel for Wolkenstein emailed certain individuals representing Citibank to request "a copy of any arbitration agreement that Citibank asserts applies to Mr. Wolkenstein's claims" under the TCPA. (Doc. 10-2.) There is no evidence in the record regarding whether Citibank responded to the email, but the parties agree that Citibank did not provide another copy of the Notice or the Arbitration Clause, which remains the same as the copy that had been mailed to Wolkenstein in June 2015.

On July 21, 2017, Wolkenstein filed the instant Complaint. (Doc. 1.) Citibank filed an answer on October 17, 2017, in which it asserted that Wolkenstein's claims were subject to arbitration. (Doc. 8.) Citibank then filed its Motion to Compel Arbitration on March 20, 2018. (Doc. 9.) Wolkenstein filed his Brief in Opposition (Doc. 10) on April 3, 2018, and Citibank filed a Reply on April 17, 2018. (Doc. 11.) This Motion is therefore now ripe for disposition.

## II. Discussion

### A. Legal Standard

First, I must decide under what standard the instant Motion to Compel Arbitration should be evaluated. "[W]hen it is apparent, based on the face of a complaint, and documents relied upon in the complaint, that certain of a party's claims are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard." *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013)(internal quotations omitted). However, "if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel

arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question." *Guidotti*, 716 F.3d at 776. In such a case, after limited discovery, "the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard." *Id.*

Here, the Complaint makes no mention of the Agreement, or even of Wolkenstein's Account. (Doc. 1.) Arbitrability is not apparent from the face of the Complaint because Wolkenstein brings suit under the TCPA, not for a violation of the Agreement, and the Agreement does not relate to Citibank's ability to contact Wolkenstein via automated calls to his cell phone. *Id.*; *compare Sanford v. Bracewell & Giuliani, LLP*, 618 F.App'x 114, 117-118 (3d Cir. 2015)(finding that, in suit for breach of an agreement which contained an arbitration clause, the affirmative defense of arbitrability was apparent from face of complaint). It is therefore not apparent from the face of the Complaint that Wolkenstein's claims implicate the Agreement. Further, the original version of the Agreement (Doc. 9-2, Ex. 1) did not contain the Arbitration Clause, and the only evidence that the Arbitration Clause governs Wolkenstein's relationship with Citibank is the Affidavit of Susan Kwiatek ("Affidavit") submitted by Citibank, which asserts that Wolkenstein received the Notice and accompanying letter updating the terms of the Agreement. (Doc. 9-2.) The instant Motion therefore cannot properly be evaluated under the Rule 12(b)(6) standard and must be analyzed under the standard for summary judgment.[2]

Ordinarily, this would require additional discovery to determine whether the Arbitration Clause applies to this case. *Guidotti*, 716 F.3d at 776; *see also* Fed. R.

---

[2] Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 422-23 (3d Cir. 2006).

3

Civ. P. 56(f)(requiring that a party be given notice and an opportunity to respond to a motion for summary judgment). However, where a party has responded to a motion to dismiss as though it were a motion for summary judgment, additional notice and discovery are not necessary before evaluating the motion under a summary judgment standard. *See Jones v. Hashagen*, 512 F.App'x 179, 181 n. 1 (3d Cir. 2013)(finding that granting motion to dismiss, converted to a grant of summary judgment, was proper where party had responded to motion to dismiss as if it were a motion for summary judgment, including attaching exhibits in support of his argument to counter an affidavit attached to the opposing party's motion to dismiss). Here, Wolkenstein introduced evidence beyond what is implicated on the face of the pleadings when he responded to Citibank's Motion to Compel Arbitration by attaching the May 22, 2017 email requesting a copy of the Arbitration Clause. Therefore, Wolkenstein has been given proper notice and an opportunity to respond under Rule 56, and the Motion to Compel Arbitration may be properly decided now.

## B. Arbitrability

Federal law strongly favors the arbitration of disputes and requires that courts rigorously enforce arbitration provisions. *See, e.g., AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). Under the FAA, a court must, upon motion by a party, stay any proceeding that involves an issue subject to arbitration under a written arbitration provision. 9 U.S.C. § 3. The party challenging an arbitration agreement bears the burden of showing that the agreement should not be enforced. *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91-92 (2000).

The FAA provides that a written arbitration agreement contained in a "contract evidencing a transaction involving commerce[3] [] shall be valid, irrevocable and

---

[3] The FAA defines "commerce" as "commerce among the several states." 9 U.S.C. § 1. "[T]he word 'involving' [] signals an intent to exercise Congress' commerce power to the full." *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 277 (1995); *see also Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56, 58 (2003)(confirming that Congress, in § 2 of the FAA, implemented "the broadest

4

enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In other words, courts may only invalidate arbitration agreements based upon generally applicable contract defenses. *Doctor's Assocs. v. Casarotto*, 517 U.S. 681, 687 (1996). Under the FAA, a court must compel arbitration if it finds that: (1) a valid arbitration agreement exists between the parties, and (2) the dispute before it falls within the scope of the agreement. *See, e.g.*, *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626-628 (1985). Courts should order the parties to arbitrate upon concluding that a valid arbitration provision exists, without reviewing the merits of the case. *See Gay v. CreditInform*, 511 F.3d 369, 386 (3d Cir. 2007). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). Accordingly, a presumption of arbitrability exists where a contract contains an arbitration clause, and arbitration should be ordered "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Technologies, Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986).

Wolkenstein does not dispute that a valid arbitration agreement exists between the parties, or that the instant dispute falls under the terms of the agreement. Instead, Wolkenstein argues that Citibank waived its right to arbitrate by failing to assert that right when Wolkenstein expressly asked if it would do so. Wolkenstein argues this prejudiced him by causing him to file suit in court rather than attempting to arbitrate. Arbitration may be waived or precluded where a defendant prevents arbitration from going forward and then changes course and demands the plaintiff arbitrate the dispute.

---

permissible exercise" of its Commerce Clause power). The parties do not dispute that the transactions at issue in this case satisfy the "involving commerce" requirement.

*Pre-Paid Legal Servs., Inc. v. Cahill*, 786 F.3d 1287, 1294 (10th Cir. 2015), *cert. denied*, 136 S.Ct. 373 (2015). However, given the "strong preference for arbitration in federal courts, waiver is not to be lightly inferred." *PaineWebber Inc. v. Faragalli*, 61 F.3d 1063, 1068 (3d Cir. 1995)(internal quotations and citations omitted). "[W]aiver will normally be found only 'where the demand for arbitration came long after the suit commenced and when both parties had engaged in extensive discovery.'" *Id.* at 1068-69 (quoting *Gavlik Constr. Co. v. H.F. Campbell Co.*, 526 F.2d 777, 783 (3d Cir. 1975)). "Merely answering on the merits, asserting a counterclaim (or cross-claim) or participating in discovery, without more, will not necessarily constitute a waiver." *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 925 (3d Cir. 1992)(citing *Gavlik*, 526 F.2d at 783).

"[P]rejudice is the touchstone for determining whether the right to arbitration has been waived." *Hoxworth*, 980 F.2d at 925(citing *Gavlik*, 526 F.2d at 784). Thus, a party seeking to establish waiver must show not only that the opposing party acted in a manner inconsistent with arbitration, but also that he was prejudiced by those actions. *Palcko v. Airborne Exp., Inc.*, 372 F.3d 588, 598 (3d Cir. 2004). The Third Circuit has provided six non-exclusive factors to consider when evaluating waiver of the right to compel arbitration: (1) the timeliness or lack thereof of a motion to arbitrate, (2) the degree to which the party seeking to compel arbitration has contested the merits of its opponent's claims, (3) whether that party has informed its adversary of the intention to seek arbitration even if it has not yet filed a motion to stay the district court proceedings, (4) the extent of its non-merits motion practice, (5) its assent to the court's pretrial orders, and (6) the extent to which both parties have engaged in discovery. *Hoxworth*, 980 F.2d at 926-27. In *Hoxworth*, the Third Circuit found prejudice where, in the 11 months prior to seeking arbitration, the petitioners engaged in extensive motion practice, opposed the respondents' motions to compel discovery, and deposed all of the named plaintiffs, then sought arbitration only after obtaining useful information through discovery and after the respondents' own motion

to compel discovery was granted. *Id.* at 925-26.

Here, Citibank filed an Answer to Wolkenstein's Complaint, and did not file the instant Motion to Compel Arbitration until nearly eight months after the Complaint was filed. However, Citibank asserted the defense of arbitration in its Answer, which was filed less than three months after the Complaint was filed. (Doc. 8.) Wolkenstein was therefore aware that Citibank would assert the Arbitration Clause as a defense. Wolkenstein also did not opt out of the new Agreement terms when the Notice was mailed to him in 2015. In addition, no discovery has taken place, the parties have not engaged in extensive motion practice, and Citibank has not gained any apparent advantage by filing an Answer on the merits before moving to compel arbitration.

Finally, the Arbitration Clause provides that it is "governed by the [FAA] and shall be interpreted in the broadest way the law will allow." (Doc. 9-2.) Agreements to arbitrate should be enforced according to their terms. *Volt Info. Sci., Inc. v. Bd. of Tr. of Leland Stanford Jr. Univ.*, 489 U.S. 468, 479 (1989). The Arbitration Clause also provides that "[a]rbitration may be requested any time, even where there is a pending lawsuit, unless a trial has begun or a final judgment entered. Neither you nor we waive the right to arbitrate by filing or serving a complaint, answer, counterclaim, motion, or discovery in a court lawsuit." *Id.* Wolkenstein has failed to show that he will be prejudiced by being required to pursue his claim through arbitration, and the Arbitration Clause provides that arbitration should be ordered in this instance.

### III. Conclusion

For the above stated reasons, Citibank's Motion to Compel Arbitration will be granted.

An appropriate order follows.

May 16, 2018  /s/ A. Richard Caputo
Date  A. Richard Caputo
United States District Judge

7